United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELMIN REYES SARMIENTO, | § § | CIVIL ACTION NUMBER 4:26-cv-04407 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, | § | |
| *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Elmin Reyes Sarmiento filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 3, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) procedural due process, (ii) substantive due process, (iii) the Immigration and Nationality Act, and (iv) the Fourth Amendment, 8 USC §1357(a), and 8 CFR §287.3(d) as to the lawfulness of his arrest. Id at ¶¶20, 41–73.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government to dismiss or, alternatively, for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2–4. It further contends that each of

Petitioner's due process arguments fail on the merits. Id at 5–6. It attaches copies of a prior notice to appear issued to Petitioner and an order releasing him on his own recognizance on August 7, 2019, as well as the most recent notice to appear issued to him on May 8, 2026. See Dkt 5-1 at 1–3, 8, 14–17.

Petitioner on reply maintains that his detention violates due process notwithstanding the decision in *Buenrostro-Mendez* and cites various decisions from outside this Circuit in support. See Dkt 7 at 3–12.

The parties don't dispute jurisdiction. But they state that Petitioner is currently detained in Limestone County, Texas. See Dkts 5 at 2 & 7 at 2. Upon review, the petition and attachments indicate that Petitioner was detained within the Houston Division of the Southern District of Texas at the time he filed the petition. See Dkt 1 at ¶13; see also Dkt 1-2 at 1. Jurisdiction is thus present notwithstanding his subsequent relocation, and decision may enter on the merits. See *Rumsfeld v Padilla*, 542 US 426, 441 (2004) (district court retains jurisdiction to issue writ of *habeas corpus* even if petitioner is moved after filing petition).

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

As indicated in both notices to appear submitted with the motion for summary judgment, Petitioner "has not been admitted or paroled" into the United States. Dkt 5-1 at 1, 14. He is thus subject to detention under §1225(b)(2)(A), in accord with *Buenrostro-Mendez*.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).
- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.
- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Elmin Reyes Sarmiento is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 24, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3